UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYAN ALEXANDER NACIPUCHA PINEDA, | § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-05957 |
| PAMELA BONDI, *et al.*, | § § § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Bryan Alexander Nacipucha Pineda's Petition for Writ of Habeas Corpus (Doc. #1) and Respondents' Response and Motion for Summary Judgment (Doc. #9). Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

**I.   Background**

Petitioner Bryan Alexander Nacipucha Pineda ("Petitioner"), a citizen of Ecuador, entered the United States without inspection in February 2021. Doc. #1, Ex. 1 ¶ 7. Petitioner has resided continuously in the United States for nearly five years. *Id.* On November 19, 2025, U.S. Immigration and Customs Enforcement ("ICE") encountered and detained Petitioner in Newark, New Jersey. Doc. #1, Ex. 3 at 6. ICE subsequently served Petitioner with a Notice to Appear before an Immigration Judge. Doc. #1, Ex. 2. The Notice to Appear designated Petitioner as "an alien present in the United States who has not been admitted or paroled," rather than "an arriving alien." *Id.* at 4. Petitioner is currently detained at the Joe Corley Processing Center in Conroe, Texas. Doc. #1, Ex. 1 ¶ 7. On December 9, 2025, the Immigration Judge denied Petitioner's

request for a bond redetermination hearing, concluding that he lacked jurisdiction pursuant to *Matter of Yajure Hurtado*. Doc. #1, Ex. 9. On December 11, 2025, Petitioner filed the instant Petition for Writ of Habeas Corpus before this Court. Doc. #1. On January 7, 2025, Respondents moved for summary judgment. Doc. #9. In their Motion for Summary Judgment, Respondents confirmed that Petitioner has no known criminal history other than his unlawful entry into the United States. Doc. #9 at 2.

## II.   Legal Standards

### a. Federal Rule of Civil Procedure 56

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

### b. Petition for Writ of Habeas Corpus

To be entitled to the issuance of a writ of habeas corpus, a habeas petitioner must show

they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

### III.   Analysis

Respondents move for summary judgment, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #9 at 3–5. The Court has recently considered and rejected this argument in two cases presenting the same legal issues. *See Lopez-Tipaz v. Noem, et al.*, 4:25-cv-4905 (S.D. Tex. Nov. 25, 2025); *Martinez Mendez v. Noem, et al.*, 4:25-cv-4981 (S.D. Tex. Nov. 25, 2025). In both cases, the Court concluded that the petitioners were unlawfully detained and entitled to habeas relief. *See Lopez-Tipaz*, 4:25-cv-4905, at 6–7; *Martinez Mendez*, 4:25-cv-4981, at 7. The Court's reasoning in *Lopez-Tipaz* and *Martinez Mendez* applies with equal force here.

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #9 at 3–5. The Court finds that Petitioner is not governed by § 1225(b)(2), which applies to noncitizens seeking admission at a port of entry or near the border. *See Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *5 (S.D. Tex. Nov. 14, 2025). Rather, the Court finds that Petitioner falls within the ambit of § 1226(a) because he has been continuously present in the United States for nearly five years. *See Lopez-Tipaz*, 4:25-cv-4905, at 6 ("[T]he Court finds

3

that the weight of authority supports applying 8 U.S.C. § 1226(a) to individuals like [p]etitioner who have long been present in the United States."); *see also Martinez Mendez*, 4:25-cv-4981, at 7 ("[T]he Court concludes that [p]etitioner is detained under 8 U.S.C. § 1226(a) and that his continued detention without a bond determination renders his detention unlawful."). In habeas proceedings, a district court has equitable discretion in determining the appropriate remedy "as law and justice require." *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). Consistent with its prior decisions, the Court determines that the appropriate remedy in this case is Petitioner's immediate release. *See Lopez-Tipaz*, 4:25-cv-4905, at 7; *Martinez Mendez*, 4:25-cv-4981, at 7.

For the foregoing reasons, Respondents' Motion for Summary Judgment (Doc. #9) is DENIED. Furthermore, the Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED.

It is hereby ORDERED that:

1. Respondents are directed to release Petitioner from custody, under appropriate conditions of release, within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release;

2. Petitioner shall comply with all reporting requirements set by ICE while his removal proceedings remain pending;

3. This Order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

It is so ORDERED.

JAN 0 9 2026
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge